UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                       Crim. No. 19-01818 MV

CHARLES CHAVEZ,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Charles Chavez's Motion to Dismiss Counts 5 and 6 of the Indictment. Doc. 28. The government responded [Doc. 29] and Mr. Chavez replied [Doc. 30]. The Court, having considered the motions, relevant law, and being otherwise fully informed, finds that Mr. Chavez's motion is well-taken and will be **GRANTED**.

BACKGROUND

On June 27, 2019, a six-count Indictment was returned against Mr. Chavez. Doc. 12. The instant motion concerns Counts 5 and 6 of the Indictment. *See* Doc. 28. Count 5 charges Mr. Chavez with Attempted Bank Robbery with a Dangerous Weapon, in violation of 18 U.S.C. §§ 2113(a) and (d). Doc. 12 at 2-3. Specifically, Count 5 charges that on or about January 8, 2019, Mr. Chavez attempted to take from the person and presence of another by force, violence, and intimidation a sum of United States currency belonging to and in the care, custody, control, management and possession of Wells Fargo Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), and in committing such offense, did assault and put in jeopardy the life of another person by use of a dangerous weapon, that is a firearm. *Id*. Count 6 charges him with Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime

1

of Violence, specifically Attempted Bank Robbery as charged in Count 5 of the Indictment, and Possessing and Brandishing a Firearm in Furtherance of Such Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Id.* at 3.

Mr. Chavez moves the Court to dismiss Counts 5 and 6 of the Indictment "because the acts alleged in the discovery provided by the government fall outside of the relevant criminal statute." Doc. 28 at 2. He argues that the allegation that he, while armed with a rifle, demanded that two individuals withdraw money from an automated teller machine ("ATM") and give it to him is a legally insufficient factual basis to establish a bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) as charged in Count 5. *Id.* at 2-3. He further argues that since Count 6 is predicated on Count 5, Count 6 should likewise be dismissed. *Id.* at 6. In its response, the government argues that the alleged conduct falls within the scope of the bank robbery statute. *See* Doc. 29 at 1-2. For the reasons set forth below, the Court agrees with Mr. Chavez.

## DISCUSSION

I. The Court has the authority to dismiss the charges under Rule 12(b).

Under Rule 12(b) of the Federal Rules of Criminal Procedure, a party may make a pretrial motion to dismiss an indictment due to its failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). When analyzing an indictment's legal sufficiency, courts generally refrain from looking beyond the four corners of the indictment. *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). However, "it is permissible and may be desirable where the facts are essentially undisputed, for the district court to examine the factual predicate for an indictment to determine whether the elements of the criminal charge can be shown sufficiently for a submissible case." *Id.* (quoting *United States v. Brown*, 925 F.2d 1301 (10th Cir. 1991)). The Tenth Circuit has accordingly held that a district court may "dismiss charges at the pretrial stage under the limited

circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." *Id*. at 1088. "Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006).

Mr. Chavez's case falls within the limited scenario in which the operative facts are undisputed and a purely legal issue is presented: whether, as a matter of law, the conduct alleged by the government constitutes a submissible case. The government has not explicitly objected to the Court's consideration of undisputed facts. *See generally* Doc. 29. Nor has the government argued that the Court should refrain from resolving the motion on its merits. *See generally id*. Although the government asserts that "[i]n this case, the parties dispute the facts," the government does not expound upon which facts are in dispute. *See id*. at 5. Despite the government's general assertion that the facts are disputed, it appears to the Court that the *operative* facts are not in dispute.

The recitation of the operative facts in the Defendant's motion is essentially the same as in the government's response: the parties agree that Mr. Chavez jumped out of a stolen white Dodge Challenger, armed with a rifle, and ran up to the passenger side of a gold vehicle parked at an offsite Wells Fargo ATM. Doc. 28 at 2; Doc. 29 at 3. Mr. Chavez demanded money from the vehicle's occupants. Doc. 28 at 2-3; Doc. 29 at 3. When they were unable to produce any cash, Mr. Chavez demanded that they put their bank card back into the ATM and make a withdrawal. Doc. 28 at 3; Doc. 29 at 3. They informed him that they could not make a withdrawal because they had just deposited a check and did not have any money to give him. Doc. 28 at 3; Doc. 29 at 3.

.

Mr. Chavez then asked for cigarettes. Doc. 28 at 3; Doc. 29 at 3.

There is admittedly a minor discrepancy between the facts as recited by the parties regarding Mr. Chavez's reason for changing course and asking for the cigarettes. Mr. Chavez states that after the victims told him they had no money to give him, he asked for their cigarettes, which they gave him, and then he got back into the white Challenger and left. Doc. 28 at 3. The government states that "[t]he arrival of law enforcement interrupted Defendant's attempt to force the pair to make a withdrawal. The victims saw the deputy. They believed that the Defendant's changed course and request for cigarettes [was] because he too saw the deputy approaching." Doc. 29 at 3. This minor factual dispute is immaterial, however, because the *operative* facts are undisputed. Both parties agree that the essential facts in the discovery are, in summary, that Mr. Chavez, while armed, approached a vehicle parked at an ATM and demanded that its occupants insert their ATM card into the machine in order to withdraw cash. Both parties agree that the issue presented in Mr. Chavez's motion is whether attempting to force a person to withdraw funds from an ATM falls within the bank robbery statute. *See* Doc. 28 at 2-3; Doc. 29 at 1. As such, this case falls within the limited exception carved out in *Hall* in which the Court may make a determination as to whether, as a matter of law, Mr. Chavez's alleged conduct falls outside of statute charged in the Indictment.

II. Mr. Chavez's alleged conduct does not constitute a violation of 18 U.S.C. § 2113.

The Court, having concluded that it has the authority to do so, now considers whether, as a matter of law, the conduct alleged by the government constitutes a submissible case. The Court concludes that it does not.

Subsection (a) of the bank robbery statute, 18 U.S.C. § 2113, provides in relevant part:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any

4

> property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association… Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). Subsection (d) of the statute provides:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(d). Plainly, if a person has not committed or attempted to commit an offense defined in subsection (a) or (b), then the person has not violated subsection (d).[1]

Mr. Chavez argues that he did not violate § 2113(a) because once the money was withdrawn from the ATM, it would have ceased to be the bank's money and would have become the property of the passengers of the car. Doc. 28 at 2-5 (citing *United States v. Burton*, 425 F.3d 1008 (5th Cir. 2005). He argues that therefore, as a matter of law, he did not attempt to obtain money belonging to, or in the care, custody, control, management, or possession of the bank. *Id*. at 3. The government argues that money in an ATM is in the care, custody, control, management, or possession of a bank, and that forcing a customer to withdraw cash from an ATM is robbing the bank rather than just robbing the customer. Doc. 29 at 10-11 (citing *United States v. McCarter*, 406 F.3d 460 (7th Cir. 2005) (overruled on other grounds)).

The Tenth Circuit has not yet had occasion to consider whether an individual violates 18 U.S.C. § 2113(a) when he forces someone to make a withdrawal from an ATM. At least two other circuits have considered this issue, and have reached opposite conclusions. First, in *United States v. McCarter*, the Seventh Circuit considered whether a defendant violated 18 U.S.C. § 2113(a) when he pointed a gun at a victim, rifled through her purse, found her ATM card and said words

---

[1] As Mr. Chavez has not been charged with subsection (b) of the statute, the Court confines its discussion to subsection (a).

5

to the effect of, "I see you have your bank card; we're going for a little ride." 406 F.3d. at 462. The defendant then walked the victim to her car and, at gunpoint, forced her to drive with him in the back seat. *Id*. However, the victim called out to pedestrians for help, and the defendant ran away. *Id*. In considering whether these facts constituted an attempted bank robbery in violation of 18 U.S.C. § 2113(a), the Seventh Circuit first concluded that money in an ATM is "obviously" in the "care, custody, control, management, or possession of, any bank." *Id*. (citations omitted). The Seventh Circuit then considered "whether forcing a customer to withdraw cash from an ATM is robbing the bank rather than just robbing the customer," and concluded that "if, as the defendant intended to do here, the robber forces the bank's customer to withdraw the money, the customer becomes the unwitting agent of the robber, and the bank is robbed." *Id*. at 463 (citing *Embrey v. Hershberger*, 131 F.3d 739 (8th Cir. 1997)(en banc)).

After the Seventh Circuit decided *McCarter*, the Fifth Circuit undertook a nuanced analysis of a similar factual scenario and rejected the Seventh Circuit's analysis and conclusions. In *United States v. Burton*, the Fifth Circuit considered whether a defendant violated § 2113(a) when he forced a victim to drive to an ATM, to withdraw money using her ATM card, and to give the money to the defendant. 425 F.3d at 1009. The Fifth Circuit held that the funds did not "belong" to the bank, but rather, to the victim, who "made a valid–albeit coerced–withdrawal of her own funds, which [the defendant] then stole." *Id*. at 1010. The Fifth Circuit further held that the money was not in "the care, custody, control, management, or possession" of the bank at the relevant time, which was the time of the transfer of the money from the victim to the defendant. *Id*. The court reasoned that banks have "care, custody, control, management or possession of the many goings-on inside their own buildings." *Id*. at 1011 (quotation marks omitted). In contrast, "[i]t is absurd to think that a bank teller could enter a customer's vehicle to assert 'management' of the property

6

within the vehicle," even if the vehicle is on bank property. *Id*. Given that the victim was not located inside of the bank–but rather, was in her vehicle–when she gave the money to the defendant, the money was not in the bank's "care, custody, control, management, or possession" of the bank at that time. *Id*. The court concluded that, as the money did not "belong to" and was not in the "care, custody, control, management or possession" of a bank at the relevant timeframe, the defendant's acts did not constitute a violation of 18 U.S.C. § 2113. *See id*. at 1011-12.

The Court agrees with the Fifth Circuit's analysis in *Burton* and finds that Mr. Chavez's case is indistinguishable. Indeed, the government does not attempt to distinguish *Burton*, but rather, argues that the *Burton* analysis is flawed for the following reasons: (1) it relies on a temporal event not required by statute; (2) it does not give proper consideration to bank functions (which include caring for customer funds) or the bank's co-interest in customer funds accessible by the ATM; and (3) it does not properly consider the forcible and coercive nature of the withdrawal. Doc. 29 at 10. The Court is not persuaded by any of these arguments, which it will address in turn.

First, the Court disagrees with the government's assertion that *Burton* relies on a temporal event not required by the statute. The statute prohibits taking, or attempting to take, "*from the person or presence of another*… property or money… belonging to, or in the care, custody, control, management, or possession of, any bank…" 18 U.S.C. § 2113(a) (emphasis added).[2] The Fifth Circuit concluded that the relevant time at which the money must be in the "care, custody, control, management, or possession of, any bank" is the time of the transfer of the money from the victim to the defendant – in other words, the time at which the property is taken from the person or presence of another. *See Burton*, 425 F.3d at 1010. This interpretation comports with the plain

---

[2] Likewise, the Indictment returned against Mr. Chavez charges that he "attempted to take *from the person or presence of another*… a sum of United States currency belonging to and in the care, custody, control, management and possession of Wells Fargo Bank…" Doc. 12 at 2-3 (emphasis added).

language of the statute, which prohibits taking the property or money "from the person or presence of another." 18 U.S.C. § 2113(a). Therefore, the Court finds that, rather than relying on a temporal even not required by statute, as the government asserts, the *Burton* analysis relies on the precise temporal framework specified in the statute.

Second, the Court is unpersuaded by the government's argument that *Burton* does not give proper consideration to bank functions, which include caring for customer funds, or to the bank's co-interest in customer funds accessible by the ATM. *See* Doc. 29 at 10. In support of this argument, the government points to *Shaw v. United States*, a recent case in which the Supreme Court considered the nature of a bank's interest in the funds held in its customers' accounts in the context of the bank fraud statute. *See* 137 S.Ct. 462 (2016). In *Shaw*, Supreme Court held that when a defendant obtained the bank account numbers of a bank customer and used those numbers to transfer funds out of the customer's account, the defendant did not merely obtain the bank *customer's* property, but he also obtained the *bank's* property, since the bank had property rights in the customer's account. *Id.* at 466.

While the Supreme Court's discussion of a bank's property rights in customer accounts is informative, it does not alter this Court's analysis of the relevant timeframe at which the property interest must be assessed in the context of the bank robbery statute. Unlike the bank fraud statute, which criminalizes the execution or attempted execution of a "scheme or artifice" to "defraud a financial institution" or to "obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises," 18 U.S.C. § 1344, the bank robbery statute does not reference the execution of schemes or artifices to obtain a bank's money. Rather, it references the actual taking "from the person or presence of another" by force and violence or by

intimidation. 18 U.S.C. § 2113(a). In Mr. Chavez's case, although the bank undoubtedly had a property interest in the money while it was still in the ATM pursuant to *Shaw*, it no longer would have had such a property interest once the money was withdrawn.

Finally, the government argues that *Burton* is flawed because it does not properly consider the forcible and coercive nature of the withdrawal. Doc. 29 at 10. However, *Burton* specifically recognizes that the withdrawal of the funds was coerced. *See* 425 F.3d at 1010 ("[The victim] made a valid–albeit coerced–withdrawal of her own funds, which Burton then stole."). *Burton* concluded that despite the coerced nature of the withdrawal, the funds were no longer in the custody of the bank at the time of the transfer to the defendant: "[the victim] had the money and gave it to Burton in her vehicle–not in the bank. Regardless of how brief her possession, the bank did not have 'care, custody, control, management, or possession' of property in Childs' vehicle." *Id*. at 1011. This Court agrees with that analysis and concludes that as a matter of law, Mr. Chavez's actions did not violate the federal bank robbery statute.

## CONCLUSION

Because the Court finds that as a matter of law, Mr. Chavez's actions did not violate 18 U.S.C. §§ 2113(a) and (d), Count 5 of the Indictment must be dismissed. Because Count 6 of the Indictment is predicated on Count 5, Count 6 must also be dismissed.

**IT IS THEREFORE ORDERED** that Mr. Chavez's Motion to Dismiss Counts 5 and 6 of the Indictment [Doc. 28] is **GRANTED**.

Dated this 19th day of May, 2020.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Aric G. Elsenheimer  Niki Tapia-Brito
Emily P. Carey  *Assistant United States Attorney*
*Attorneys for Mr. Chavez*